UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK TILLMAN, JR.,

        Petitioner,

v.                                                         Hon. Victoria A. Roberts

THOMAS BIRKETT,                            Case No. 06-11555

        Respondent.
_____/

**ORDER DECLINING TO GRANT
A CERTIFICATE OF APPEALABILITY,
BUT GRANTING PETITIONER'S APPLICATION
FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*** 

Petitioner Jack Tillman, Jr., has appealed the Court's Order adopting the Magistrate Judge's Report and Recommendation with modification. Pending before the Court is Petitioner's application to proceed *in forma pauperis* on appeal.

The Court must treat the notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The habeas petition alleges that: (1) trial counsel was ineffective for erroneously stipulating that Petitioner had previously been convicted of the predicate felony under the felon-in-possession statute; (2) Petitioner was deprived of his constitutional right to a public trial when the trial court *sua sponte* cleared the courtroom of spectators; (3) Petitioner was denied a fair trial by the introduction of irrelevant evidence that guns found in the vehicle he allegedly drove were stolen; and (4) he was denied his right to an impartial jury because one juror was dismissed, and interviews with other jurors disclosed that they believed someone from the defendants' side had attempted to influence that juror. The Court determined that Petitioner was not deprived of effective assistance of counsel, because the brief mention of Petitioner's prior conviction did not unduly prejudice him. The Court also noted that the trial court cured the error by vacating Petitioner's felon-in-possession conviction and there was significant circumstantial evidence of Petitioner's guilt on the remaining offenses.

The Court found that Petitioner's second and third claims were procedurally defaulted because Petitioner failed to object to the claimed errors during trial and he did not establish "cause and prejudice" to excuse his default or show that a miscarriage of justice occurred. As for Petitioner's fourth claim, the Court determined that Petitioner was not denied a fair trial, because the third party's comment to a juror was not unequivocally a threat and the juror to whom the third party made the comment was excused from jury service. In addition, the remaining jurors did not express any fear or uneasiness about the contact with the excused juror.

Reasonable jurists would not find the Court's assessment of Petitioner's first and

fourth claims debatable or wrong. Reasonable jurists also would not debate whether the Court's procedural ruling on Petitioner's second and third claims was correct or whether the habeas petition states a valid claim of the denial of a constitutional right. Accordingly, the Court **DECLINES** to issue a certificate of appealability. The Court nevertheless **GRANTS** Petitioner's application to proceed *in forma pauperis* on appeal because the issues are not frivolous and an appeal could be taken in good faith. Fed. R. App. P. 24(a)(4)(B); *Foster v. Ludwick*, 208 F. Supp.2d 750, 764-65 (E.D. Mich. 2002).

        s/Victoria A. Roberts
        Victoria A. Roberts
        United States District Judge

Dated: November 12, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 12, 2009.

s/Carol A. Pinegar
Deputy Clerk

---

3